**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOSE GILBERTO SERRANO GOYCO,**

           **Plaintiff,**

**-vs-**                                 **Case No. 6:07-cv-622-Orl-22KRS**

**BANNUM, INC., a/k/a: Bannum Place of**
**Wheeling LLC, a/k/a: Bannum Place of**
**Orlando, et al.,**

           **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **AFFIDAVIT OF INDIGENCY (Doc. No. 2)**
>
> **FILED:**       **April 17, 2007**

On April 16, 2007, Plaintiff Jose Gilberto Serrano Goyco filed a complaint against numerous defendants regarding an event that occurred while he was incarcerated. Doc. No. 1. Goyco also filed an application under 28 U.S.C. § 1915 to proceed without prepayment of fees. Doc. No. 2. Prior to initiating the present action, Goyco had filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of Georgia. *See Goyco v. Bureau of Prisons*, No. CIV A CV205-239, 2006 WL 2945986 (S.D. Ga. Sept. 19, 2006).

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to consider whether Goyco's Complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [*in forma pauperis*] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n. 1 (5th Cir.1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction even when a party has not challenged it. *See, e.g., Univ. of S. Ala. v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999).

## I.   STANDARD OF REVIEW.

The United States Court of Appeals for the Eleventh Circuit applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) to dismissals for failure to state a claim on which relief may be granted under section 1915(e)(2)(B). *Mitchell*, 112 F.3d at 1490. Under this standard, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, No. 05-1126, 2007 WL 1461066, at *11 (U.S. May 21, 2007). "In evaluating the

sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief[.]'" *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (quoting Fed. R. Civ. P. (8)(a)).

In addition, it is well established that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, it is not the Court's duty to re-write a plaintiff's complaint so as to bring it into compliance with the Federal Rules of Civil Procedure. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993); *see also Olsen v. Lane*, 832 F. Supp. 1525, 1527 (M.D. Fla. 1993) ("[*P*]*ro se* litigant[s] must still meet minimal pleading standards.").

## II.     ALLEGATIONS OF THE COMPLAINT.

Goyco's complaint alleges causes of action against the following defendants: Bannum Inc., Bureau of Prisions, Callie P. Farr, R. E. Holt, Jose M. Vazquez, L. Harris, E. Chalfant, B. Mallard, Jeffrey Holmes, Susan Paige, Cherie Summers, Trevor O. Hompton, Ana M. Warga, the U.S. Marshals, Harley G. Lapin, Alberto Gonzalez, John E. Polk Correctional Facility, David W. Diggs, and Donald F. Eslinger. Goyco claims that the defendants violated his constitutional due process rights under 42 U.S.C. § 1983.

In the first claim of the complaint, Goyco alleges that on April 15, 2005, while he was incarcerated in the Seminole County Jail, Holmes, a custody officer, and Summers, acting director of Orlando's Community Corrections Center, delivered an incident report to him thirty-six hours after an incident occurred. Goyco claims that these defendants, along with the U.S. Marshals, deprived him

of liberty. Doc. No. 1 at 6. In the second claim of the complaint, Goyco alleges that on that same day, Hompton, the new director of Orlando's Community Corrections Center, Summers, and Paige, a counselor, conspired to conduct a hearing five days after the incident took place, which is contrary to the Bureau of Prisons disciplinary procedures. *Id.* Goyco was not present at the hearing and did not sign a waiver, which he claims was required by administrative procedures. *Id.* In claim three, Goyco alleges that on April 27, 2005, Warga, a disciplinary hearing officer, conspired with Farr, community correction manager, to impose a disciplinary transfer, disallow forty-one days of good time credit, and deny Goyco of an early release. *Id.* at 7. In the last claim, Goyco alleges that on June 17, 2005, the defendants conspired to violate the Racketeer Influenced and Corrupt Organizations Act (RICO) by sending him to "FCI Jesup," where he was placed in a three-man cell for thirteen days, and then was placed in a 7' by 10' three-man room, the lowest level of living quarters. *Id.*

## III.   ANALYSIS.

Prior to filing the present action, Goyco filed a writ of habeas corpus in the United States District Court for the Southern District of Georgia raising the same claims as those raised in the complaint. *Goyco*, 2006 WL 2945986, at *1. Upon review of the facts of that case, it appears that Goyco's claims were identical to those in the present action. *Id.* In that case, the Court denied claims one through three after considering their merits, and dismissed claim four as it should have been brought in a civil rights action, rather than a writ of habeas corpus. *Id.* at *1-3 *adopted by* No. Civ.A CV205-239, 2006 WL 3230769 (S.D. Ga. Nov. 6, 2006).

In considering the allegations of Goyco's complaint, the Court must consider the doctrine of issue preclusion. Issue preclusion bars parties "from relitigating an issue which was adjudicated in the prior action or proceeding" between the parties. *Urfirer v. Cornfeld*, 408 F.3d 710, 718 n.1 (11th

Cir. 2005). Under that doctrine, a party may be precluded from asserting a § 1983 claim when the subject of the claim was raised in a prior federal habeas petition. *Felker v. Turpin*, 101 F.3d 95, 97 (11th Cir. 1996); *see also Jackson v. Kinkela*, No. 98-3551, 1999 WL 623672, at *1 (6th Cir. Aug. 10, 1999). "A sua sponte dismissal based upon an affirmative defense apparent on the face of the complaint may be appropriate in the interest of judicial economy." *Jackson*, 1999 WL 623672, at *2 (affirming the district court's dismissal of a plaintiff's § 1983 claim as frivolous pursuant to 28 U.S.C. § 1915(e) because it was barred by a previous habeas petition).

In the present action, the only difference between claims one through three of Goyco's complaint and those in his previous habeas action is that, in this case, he is seeking monetary damages. The District Court for the Southern District of Georgia specifically considered the merits of Goyco's due process claims and denied them. A review of claims one through three in the present action would require this Court to perform the same analysis as that performed by the Georgia Court. Accordingly, as claims one through three of Goyco's complaint are barred by the doctrine of issue preclusion, I respectfully recommend that claims one, two, and three be denied with prejudice.

Claim four of the complaint was dismissed from Goyco's habeas petition because it was "more analogous to those claims asserted in civil rights actions." *Goyco*, 2006 WL 2945986, at *3. Thus, claim four is not barred by issue preclusion. However, it is unclear as to how the defendants violated the Constitution, laws, or treaties of the United States. Goyco alleges that the defendants conspired to violate RICO, but merely alleging that he was placed in a three-man cell for thirteen days fails to support his claim. *See Union Pac. R.R. Co. v. Paragon Labs., Inc.*, No. 06-60873-CIV, 2006 WL 3709619 (11th Cir. Dec. 14, 2006) (stating that to plead a RICO claim, a plaintiff must allege a pattern of racketeering activity). Goyco also alleges that placing him in such a cell with indifference

to his medical conditions violated his due process rights, but he fails to state how being placed in that cell violated those rights. Accordingly, Goyco's complaint has failed sufficiently to state a cause of action for a due process or RICO violation. Accordingly, I recommend that claim four of Goyco's complaint be dismissed without prejudice and that Goyco be given leave to file an amended complaint to replead claim four with more specificity.

If Goyco chooses to file an amended complaint, it must include a description of actions taken by the defendants that allegedly violate the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Goyco must identify the specific provision of the Constitution, federal law, or treaty that was violated. He must explain the actions taken by the defendants that allegedly violated the cited provision and describe how he was harmed by the defendants' actions. Goyco must also identify the defendants with reasonable specificity by providing the defendants' complete names and addresses. His amended complaint should only be against those defendants that he alleges violated his Constitutional or statutory rights.

**IV.   RECOMMENDATION.**

Based on the foregoing, I respectfully recommend that the complaint filed in this action, doc. no. 1, be **dismissed with prejudice** as to claims one, two, and three, be **dismissed without prejudice** as to claim four, and that the motion to proceed *in forma pauperis*, doc. no. 2, be **denied without prejudice**. I further recommend that the Court give the plaintiff eleven days from the date of the

ruling on this Report and Recommendation to file an amended complaint repleading the allegations in claim four with more specificity, and a renewed motion to proceed without payment of fees.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 12, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy